UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Hope Stevenson | ) CASE NO. 16-70025-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

2. The Debtor has failed to provide copies of all pay advices received within sixty (60) days of filing the instant case, in violation of 11 U.S.C. Section 521(a)(1)(B)(iv). The Trustee requests that the Debtor provide pay advices for Debtor's employment with Arise.

3. The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

4. Debtor proposes to make monthly charitable contributions in the amount of $40.00. The Debtor should provide written evidence sufficient to establish a consistent pattern of contributing prior to the filing of the instant case. 11 U.S.C. Section 1325 (b)(2)(A).

5. The Debtor should provide proof of the $400.00 per month rent expense reflected on Schedule J. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

6. In accordance with General Order No. 18-2015 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's employment income with Arise to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

7. The Chapter 13 budget fails to include $65.00 per month storage expense; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8.  Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation (Debtor's employment with Tele Network is now part-time), thereby preventing the Trustee from fully evaluating good faith, feasibility and disposable income contributions. 11 U.S.C. Sections 1325(a)(6), 1325(a)(3), and/or 1325(b).

9.  The Chapter 13 petition fails to include a debt owed on Debtor's medical bills, in violation of Bankruptcy Rule 1007(a) (1) and 11 U.S.C. Section 1325(a)(3) and 1325(a)(7).

10.  The Chapter 13 budget fails to reflect the Debtor's Arise employment income; thereby preventing the contribution of all disposable income to this plan. 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), and 1325(b).

11.  The Chapter 13 plan proposes to pay $4,000.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

12.  Pursuant to information received from the Internal Revenue Service, 2012, 2013, and 2014 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

13.  Based upon a review of the Debtor's payslip, it appears that the Debtor's net monthly income as reflected on Schedule I may be overstated. The payslip reflects net monthly income of $1,158.92, while Schedule I reflects net monthly income of $2,395.00. The Debtor's Plan and Schedules should be amended accordingly. 11 U.S.C. Section 1325(a)(6).

14.  The Debtor's plan fails to provide that all net proceeds from the Debtor's pending/anticipated lawsuit against Progressive Leasing shall be paid to the Trustee for distribution to the allowed unsecured claims, as required by 11 U.S.C. Sections 1325(a)(3), 1325(a)(4), and 1325(b).

15.  The Debtor's plan fails to provide that all net proceeds from the Debtor's pending/anticipated lawsuit against Drivetime Automotive Group shall be paid to the Trustee for distribution to the allowed unsecured claims, as required by 11 U.S.C. Sections 1325(a)(3), 1325(a)(4), and 1325(b).

16.  Pursuant to testimony from the meeting of creditors, it appears that Debtor is represented by counsel, Berry & Associates, in a pending/or anticipated non-bankruptcy litigation. The attorney has not been approved as special counsel by the Bankruptcy Court, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Jason L. Rogers
Jason L. Rogers
Attorney for Chapter 13 Trustee
GA Bar No. 142575

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Hope Stevenson | ) | |
| | ) | CASE NO.: 16-70025-LRC |
| | ) | |
| DEBTOR. | ) | |

16-70025-LRC  **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    Hope Stevenson
    P.O. Box 930116
    Norcross, GA  30003

    DEBTOR(S) ATTORNEY:
    King & King Law L.L.C
    215 Pryor Street, SW
    Atlanta, GA  30303

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, December 28, 2016

/s/
Jason L. Rogers
GA Bar No. 142575
Attorney for Adam M. Goodman, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450