**IT IS ORDERED as set forth below:**

**Date: February 28, 2017**



_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO.: 16-70025 - LRC |
| Hope Elaine Stevenson, | ) | |
| | ) | CHAPTER: 13 |
| Debtor. | ) | |

**ORDER APPROVING SPECIAL COUNSEL, SUBJECT TO OBJECTION**

On January 31, 2017, Debtor filed an application (the "Application") to employ Adam Klein and Matthew T. Berry ("Special Counsels") to represent Debtor in connection with Telephone Consumer Protection Act and GA Fair Business Protection Act claims against Drivetime Automotive Group, Inc., Drivetime Sales & Finance Company, LLC, Drivetime Car Sales Compay, LLC, Bridgecrest Acceptance Corporation, Bridgecrest Credit Company, LLC and Progressive Leasing (the "Matters"). See Doc. No. 28. No notice or hearing on the Application is necessary.

The Application and accompanying affidavit demonstrate that Special Counsels are a firm of attorneys with expertise in the Matters, that they represent no interest adverse to Debtor or the estate in the Matters, and that this case justifies employment of a professional for the purpose specified.

Special Counsels are advised, however, that contingency fee agreements are subject to scrutiny by the Court. Upon application for compensation, the Court may reduce the amount of compensation under a contingency fee agreement if such amount is unreasonable. Blanchard v. Bergeron, 489 U.S. 87 (1989). To facilitate review of an application for compensation, it should include either itemized time entries or a narrative description of the services provided. Further, Special Counsels are reminded that any settlement of claims relating to the Matters is subject to approval of this Court after notice to creditors and an opportunity to be heard. See Fed. R. Bankr. P. 9019, 2002(a). Therefore, neither Debtor nor bankruptcy counsel for the Debtor is authorized to settle, compromise, or release any claims without the approval of this Court. Accordingly, it is hereby

ORDERED that, pursuant to 11 U.S.C. 327(e) and Bankruptcy Rule 2014, the Application is GRANTED. Debtor is authorized to employ Special Counsels during Debtor's Chapter 13 case, subject to objection filed by the U. S. Trustee, the Chapter 13 Trustee, or any other party in interest on or before 21 days from the date of entry of this Order. It is further

ORDERED that compensation shall be paid to Special Counsels upon notice, hearing, and approval by the Court pursuant to 11 U.S.C. 330 and 331 and Bankruptcy Rule 2016 of an appropriately detailed application, copies of which shall be served on the Chapter 13 Trustee and United States Trustee.

The Clerk is directed to serve a copy of this Order upon Debtor, bankruptcy counsel for Debtor, Special Counsel, the United States Trustee, and the Chapter 13 Trustee.

**[END OF DOCUMENT]**

PREPARED BY:

_/s/_____
Alaina Joseph
GA Bar No. 940583
King & King Law LLC
215 Pryor Street
Atlanta, GA 30303
(404) 524-6400
notices@kingkingllc.com
Attorney for Debtor


NO OPPOSITION BY:

__/s/_____*with express permission*
Mandy K. Campbell
GA Bar No. 142676
Adam M. Goodman, Chapter 13 Trustee
260 Peachtree Street NW, Suite 200
Atlanta, GA 30303
Staff Attorney

# DISTRIBUTION LIST

**Movant's Attorney:**
King & King Law LLC
215 Pryor Street
Atlanta, GA 30303

**Movant**
Hope Elaine Stevenson
P.O. Box 930116
Norcross, GA 30003

**Chapter 13 Trustee**
Adam M. Goodman
260 Peachtree Street NW, Suite 200
Atlanta, GA 30303

**Special Counsel**
Adam Klein
Matthew T. Berry & Association, LLC
2751 Buford Highway, Suite 600
Atlanta, GA  30324

Matthew T. Berry
Matthew T. Berry & Association, LLC
2751 Buford Highway, Suite 600
Atlanta, GA  30324

**US Trustee**
Office of the United States Trustee
75 Ted Turner Dr. , S.W.
Room 362
Atlanta, GA 30303